Case 2:06-cv-00135-WJM-FRJH   Document 32   Filed 07/07/2006   Page 1 of 11



RECEIVED
JUL 0 7 2006
AT 8:30____N:
WILLIAM T. WALSH, CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re Human Tissue Products Liability Litigation | Civil Action No. 2:06-135(WJM) |
| | MDL No. 1763 |
| Arlene Sechtin, | Civil Action No. 2:06-135 |
| Plaintiff, | |
| v. | |
| Regeneration Technologies, Inc., et al., | |
| Defendants. | |
| Gary Pieper, | Civil Action No. 1:06-433 |
| Plaintiff, | |
| v. | |
| Medtronic Sofamor Danek, Inc., et al., | |
| Defendants. | |
| Anh Nguyen, et al., | Civil Action No. 2:06-417 |
| Plaintiff, | |
| v. | |
| Medtronic Sofamor Danek, Inc., et al., | |
| Defendants. | |

| | |
|---|---|
| Anthony J. Vitola, et al. | Civil Action No. 2:06-466 |
| Plaintiff, | |
| v. | |
| BioMedical Tissue Services, Ltd., et al., | |
| Defendants. | |
| Heather Augustin, | Civil Action No. 2:06-467 |
| Plaintiff, | |
| v. | |
| Medtronic Sofamor Danek, Inc., et al., | |
| Defendants. | |

**THIS DOCUMENT RELATES TO ALL CASES**

### [PROPOSED] PRETRIAL ORDER No. 1

It appearing that the civil actions listed on Schedule A, attached hereto, which were transferred to this Court by order of the Judicial Panel on Multi-District Litigation pursuant to its Order of June 21, 2006, merit special attention as complex litigation, it is, therefore, ORDERED that:

1.  APPLICABILITY OF ORDER: Prior to the initial conference and entry of a comprehensive order governing all further proceedings in this case, the provisions of this Order shall govern the practice and procedure in those actions that were transferred to this Court by the Judicial Panel on Multi-District Litigation pursuant to its Order of June 21, 2006, listed on

Case 2:06-cv-00135-WJM-RJH   Document 30   Filed 03/09/2006   Page 3 of 11

Schedule A. This Order also applies to all related cases filed in the District of New Jersey and will also apply to any "tag-along actions" later filed in, removed to, or transferred to this Court.

2. **CONSOLIDATION:** The civil actions listed on Schedule A are consolidated for pretrial purposes. Any "tag-along actions" later filed in, removed to or transferred to this Court, or directly filed in the District of New Jersey, will automatically be consolidated with this action without the necessity of future motions or orders. This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

3. **MASTER DOCKET FILE:** The Clerk of Court shall maintain a master docket case file in <u>Arlene Sechtin v. Regeneration Technologies, Inc., et al.</u>, Civ. Action No. 2:06:135 (WJM) under the style "In re: Human Tissue Products Liability Litigation" and the identification "MDL No. 1763." When a pleading is intended to be applicable to all actions, this shall be indicated by the words: "This Document Relates to All Cases." When a pleading is intended to apply to less than all cases, this Court's docket number for each individual case to which the document number relates shall appear immediately after the words "This Document Relates To". The following is a sample of the pleading style:

| | |
|---|---|
| In re: Human Tissue Products Liability Litigation | Civil No. 2:06-135(WJM) |
| | MDL No. 1763 |
| This Document Relates to: | |

4. **FILING:** Pursuant to L.Civ.R. 5.2 all documents are to be filed with the Court electronically. All documents are to be filed under the master docket number, 2:06-135(WJM),

Case 2:06-cv-03825-WJM-RJH   Document 30   Filed 08/09/2006   Page 4 of 11

with a notation listing the cases to which the document applies, except that a document closing a case will also be filed under the individual case docket number.

5. DOCKETING: When an action that properly belongs as part of <u>In re: Human Tissue Products Liability Litigation</u> is hereinafter filed in the United States District Court for the District of New Jersey, or transferred here from another court, the Clerk of this Court shall:

   a. File a copy of this Order in the separate file for such action;

   b. Make an appropriate entry on the master docket sheet;

   c. Mail to the attorneys for the plaintiff in the newly filed or transferred case a copy of this Order;

   d. Upon the first appearance of any new defendant, mail to the attorneys for the defendant in such newly filed or transferred cases a copy of this Order.

6. APPEARANCES: Attorneys admitted to practice and in good standing in any United States District Court shall make an application to be admitted *pro hac vice* pursuant to L.Civ.R. 101.1 ( c). Application shall be made to the Honorable Ronald J. Hedges, U.S.M.J.

7. REMAND STIPULATIONS: In the event that a case is remanded, the parties shall furnish to the Clerk of Court a stipulation or designation of the contents of the record and furnish all necessary copies of any pleadings filed so as to enable the transferee clerk to comply with the order of remand.

8. PRESERVATION OF EVIDENCE: All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action. "Documents, data, and

Case 2:06-cv-03625-WJM-MF   Document 30   Filed 08/09/2006   Page 5 of 11

tangible things" is to be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, E-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation. <u>Counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties.</u>

9. FILING OF DISCOVERY REQUESTS: In accordance with Rule 5(d) of the Federal Rules of Civil Procedure, discovery requests and responses are not to be filed with the Clerk nor sent to the Judge's Chambers, except when specifically ordered by the Court or to the extent needed in connection with a motion.

10. PLAINTIFFS' CO-LEAD COUNSEL: The Court designates the following to act as Co-Lead Counsel for plaintiffs in this matter, with the responsibilities hereinafter described:

Case 2:06-cv-03525-WJM-MF   Document 32   Filed 08/09/2006   Page 6 of 11

Jonathan W. Cuneo
**Cuneo, Gilbert & LaDuca, LLP**
507 C Street N.E.
Washington, DC 20002
Tel: 202-789-3960
Fax: 202-789-1813


Lawrence J. Cohan
**Anapol Schwartz Weiss Cohan Feldmen & Smalley P.C.**
1900 Delancey Place
Philadelphia, PA 19103
Tel: (215) 790-4567
Fax: (215) 875-7700


Ronald Motley
**Motley Rice**
Street Address:
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Mailing Address:

Post Office Box 1792
Mount Pleasant, SC 29465
Tel: 843.216.9000
Fax: 843.216.9450


Co-Lead Counsel in this Action shall share authority over the following matters on behalf of all plaintiffs in this action:

(a) convening meetings of counsel;

(b) initiating, responding to, scheduling, briefing, and arguing of all motions;

(c) determining the scope, order, and conduct of all discovery proceedings;

(d) assigning such work assignments to other counsel as they may deem appropriate and designating which attorneys may appear at hearings and conferences with the Court;

Case 2:06-cv-03625-WJM-RJH   Document 30   Filed 08/09/2006   Page 7 of 11

(e) conducting settlement negotiations with defendants;

(f) retaining plaintiffs' experts;

(g) managing all other matters concerning the prosecution or resolution of the cases; and

(h) coordinating medical monitoring issues with Medical Monitoring Counsel.

Co-Lead Counsel shall have joint authority to communicate with defendants' counsel and the Court on behalf of all plaintiffs. Defendants' counsel may rely on all agreements made with Co-Lead Counsel, and such agreements shall be binding.

11. **MEDICAL MONITORING COUNSEL:** The Court designates the following to act as Medical Monitoring Counsel for plaintiffs in this matter, with the responsibilities hereinafter described:

> Arnold Levin
> **Levin, Fishbein, Sedran & Berman**
> 510 Walnut Street - Suite 500
> Philadelphia, PA 19106-3697
> Tel: 215-592-1500
> Fax: 215-592-4663

Medical Monitoring Counsel shall work at the discretion of Co-Lead Counsel, and shall be responsible for all aspects of discovery that particularly relate to the medical monitoring claims and handling the administration of those claims. Medical Monitoring Counsel shall use their best efforts to avoid duplication of work.

12. **SETTLEMENT COMMITTEE:** The Court designates Co-Lead Counsel and Medical Monitoring Counsel, as set forth above, to act as the Settlement Committee for plaintiffs

Case 2:06-cv-03625-WJM-MF   Document 32   Filed 08/03/2006   Page 8 of 11

in this matter. The Settlement Committee shall be responsible for initiating, organizing and conducting settlement negotiations and discussions with counsel for defendants. The Settlement Committee shall make appropriate and timely reports to the Executive Committee and Co-Lead Counsel.

13.   PLAINTIFFS CO-LIAISON COUNSEL[1]: The Court designates the following to act as Federal Liaison Counsel for plaintiffs in this Federal action, with the responsibilities hereinafter described:

> Joseph J. DePalma, Esq.
> **Lite DePalma Greenberg & Rivas, LLC**
> Two Gateway Center, 12th Floor
> Newark, NJ 07102
> Tel: 973-623-3000
> Fax: 973-623-0858

Federal Liaison Counsel in this Action shall be responsible for the following matters on behalf of all plaintiffs in this action:

> (a) maintain and distribute to Co-Lead Counsel and to Medical Monitoring Counsel an up-to-date service list;
>
> (b) receive and, as appropriate, distribute to plaintiffs' counsel orders from the court and documents from opposing parties and counsel;
>
> (c) maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party except such documents as may be available at a document depository;
>
> (d) call meetings of co-counsel for the purpose of coordinating discovery,

---

[1] Plaintiffs' Co-Liaison Counsel shall collectively refer to Federal Liaison Counsel and State Liaison Counsel as defined below.

Case 2:06-cv-03625-WJM-RJH   Document 30   Filed 08/03/2006   Page 9 of 11

presentations at pretrial conferences, and other pretrial activities;

(e) attend all Court conferences and serve as contact point for Court and other counsel;

(f) electronically file papers, enter appearances and sign stipulations; and

(g) perform any such other functions as the Court or Co-Lead Counsel shall assign.

The Court designates the following to act as State Liaison Counsel for plaintiffs in the various related state court actions, with the responsibilities hereinafter described:

> Christopher M. Placittella
> **Cohen, Placitella & Roth, A Professional Corporation**
> 115 Maple Avenue
> Red Bank, NJ 07701

State Liaison Counsel in this Action shall be responsible for coordinating as necessary the various state court actions with this Federal Court action.

14. **EXECUTIVE COMMITTEE:** Promptly after the entry of this Order or earlier, Co-Liaison Counsel shall schedule a meeting which will take place at Medical Monitoring Counsel's office located at Levin, Fishbein, Sedran & Berman located at 510 Walnut Street, Suite 500 Philadelphia, PA 19106-3697 for purpose selecting an Executive Committee. The Executive Committee will be created by Co-Lead Counsel. All parties on the service list shall be notified of the time and date of the meeting and it is within their discretion whether or not they choose to attend.

15. **COMMUNICATION WITH THE COURT:** Unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing, with copies to opposing

Case 2:06-cv-01625-WJM-RJH  Document 30  Filed 07/07/2006  Page 10 of 11

counsel. Nevertheless, the Court recognizes that cooperation by and among plaintiffs' counsel and by and among defendant's counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between plaintiffs' counsel and among and between defendant's counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product, and cooperative efforts contemplated above shall in no way be used against any plaintiff by any defendant or against any defendant by any plaintiff. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

This ___ day of July 2006.

s/Ronald J. Hedges
Hon. William J. Martini, U.S.D.J. HON. RONALD J. HEDGES
USMJ

## SCHEDULE A

### District of New Jersey

*Gary Pieper v. Medtronic Sofamor Danek, Inc., et al.*, C.A. No. 1:06-433
*Arlene Sechtin v. Regeneration Technologies, Inc., et al.*, C.A. No. 2:06-135
*Anh Nguyen, et al. v. Medtronic Sofamor Danek, Inc., et al.*, C.A. No. 2:06-417
*Anthony J. Vitola, et al. v. BioMedical Tissue Services, Ltd., et al.*, C.A. No. 2:06-466
*Heather Augustin v. Medtronic Sofamor Danek, Inc., et al.*, C.A. No. 2:06-467

### Northern District of Ohio

*Cindy Sciuva v. SpinalGraft Technologies, LLC, et al.*, C.A. No. 1:06-216

### Northern District of Oklahoma

*Paula L. Coleman v. Medtronic, Inc., et al.*, C.A. No. 4:05-741